UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MELANIE LURA SMITH,

    Plaintiff,

 V.                1:09-CV-470

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,,

    Defendant.

---

Thomas J. McAvoy,
Senior United States District Judge

## DECISION and ORDER

**I. DISCUSSION**

Plaintiff's counsel moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (Section 406(b)) in the amount of $19,865.25. Section 406 (b) provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment, . . . .

42 U.S.C. § 406(b)(1)(A).

This case was remanded to the Commissioner for further administrative proceedings pursuant to a Memorandum and Order dated December 22, 2011. According to the Notice of Award attached to counsel's motion, upon remand, Plaintiff was found disabled and awarded Supplemental Security Insurance payments in the amount of $79,461.00. The government asserts

that, upon information belief, the Social Security Administration has available a total of $19,865.25 from Plaintiff's past-due benefits.

It is for the Court to determine whether the amount of the fee requested under Section 406(b) is reasonable and should be awarded. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002); Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990)(Wells II). If the requested fee is based on a contingency fee arrangement (as in this case), it should be enforced unless the Court finds it to be unreasonable. Wells II, 907 F.2d at 370, 372. The Second Circuit identified the following factors for a court to consider as a basis for refusing to approve the full amount requested under a contingency fee arrangement: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. Id. at 372 (citations omitted); see also Gisbrecht, 535 U.S. at 807 (discussing first and third factors).

Here, the amount of attorney's fees sought by counsel under Section 406(b) does not exceed the 25% cap. Further, there is no evidence of fraud or overreaching in the making of the fee agreement. Moreover, the Commissioner concedes that the sought-after fee is reasonable.

There is an additional factor to be considered in determining the reasonableness of the fee requested. Counsel received EAJA fees in the amount of $7,500.00 for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Counsel affirms that he will give the lesser award to Plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

**II.   CONCLUSION**

For the reasons set forth above, Plaintiff's counsel's motion for attorney fees pursuant to Section 406(b) [dkt. # 25] is **GRANTED**. Accordingly, it is hereby

2

**ORDERED** that Plaintiff's counsel, Irwin Portnoy, Esq., is awarded attorney's fees in the amount of $ 19,865.25, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits. And it is further

**ORDERED** that upon receipt of attorney's fees in the amount of $19,865.25 pursuant to 42 U.S.C. § 406(b), Plaintiff's attorney, Irwin Portnoy, Esq., shall immediately refund to Plaintiff the previously awarded EAJA sum of $7,500.00.

Dated: April 11, 2014

Thomas J. McAvoy
Senior, U.S. District Judge